## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHELBY DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| BARRINGTON ORTHOPEDIC | ) | Magistrate Judge |
| SPECIALISTS, LTD. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Shelby Dotson (DOTSON), by his attorneys, Gaffney & Gaffney P.C., for his Complaint against Defendant, Barrington Orthopedic Specialists, Ltd. (BOS), states:

### Jurisdiction and Venue

1.     This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*) to recover unpaid wages. This Court has arising under jurisdiction over DOTSON's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

2.     The Court also has supplemental jurisdiction over DOTSON's state law claims for violation of the Illinois Minimum Wage Law, (IMWL), (820 ILCS 105/1, *et. seq.*), the Illinois Wage Payment and Collection Act, (IWPCA), (820 ILCS 115/1 *et. seq.*) pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

3.     Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this judicial district as BOS transacts business in this judicial district.  BOS transacts its business in Schaumburg, Cook County, Illinois, which is in this judicial district.

## Parties

4.    Plaintiff, DOTSON is a resident of Bloomingdale, DuPage County, Illinois and a former employee of BOS.

5.    Defendant, BOS is an Illinois Corporation which has its principal place of business and a headquarters in Schaumburg, Cook County, Illinois. DOTSON worked at the Schaumburg, Illinois headquarters and at other buildings owned by BOS within this judicial district.

## Common Allegations

6.    DOTSON worked for BOS for a period in excess of three years preceding his date of voluntary termination in April, 2016. His last position title was "Facility Maintenance Supervisor." The educational requirement for the position of Facility Maintenance Supervisor was a high school or GED education with a minimum of two years of experience in general maintenance or other maintenance responsibilities which would include the ability to recognize electrical, plumbing, and mechanical malfunctions or equipment failures.

7.    BOS classified DOTSON as salaried exempt employee and paid him a salary at the rate of $67,300 annually for a period in excess of three years preceding the filing of this complaint.

8.    Although DOTSON'S title was "Facility Management Supervisor," he did not have any management or supervisory authority over any employees of BOS.

9.    In his position, DOTSON's primary duties and responsibilities were of a non-exempt status pursuant to the provisions of the FMLA. DOTSON was under the direction and control of the executive director of operations and his primary function was to perform a variety of non-exempt work and manual labor which included the following:

a.  Coordinate, inspect, operate, and maintain the HVAC systems in all BOS buildings;

b.  Coordinate or install, inspect, repair, and maintain the electrical, plumbing, mechanical, and other related systems in all BOS buildings;

c.  Perform general repairs such as painting, patching walls, security hardware, hanging shelves, and basic landscaping, ensuring planting within all pots, grass-keeping, maintaining that shrubs were trimmed and properly watered with property clean-up as necessary;

d.  Perform inspection of or work with other outside vendors pursuant to company established specifications and addressing non-compliance by vendors;

e.  Inspect vendor work and report upon the same to the Executive Director of Operations;

f.  Prepare reports for the Executive Director of Operations pertaining to materials, equipment, and supplies that were in inventory or were expected to be used in operations;

g.  Review and report upon renovations that were occurring at BOS facilities under the direction and control of the Executive Director of Operations;

h.  Coordinate entry, ingress and egress by all vendors pursuant to BOS established policies and procedures;

i.  Travel from the various BOS buildings in order to inspect and perform repairs to the facility buildings and its equipment;

j.  Perform janitorial duties;

k.   Assist in moving or arranging furniture and office equipment as requested or directed;

l.   Purchase or supervise the purchase of equipment, parts, and supplies for facility operations and maintenance within established policies of BOS;

m.   Perform requested tasks to help facilitate the BOS patient experience;

n.   Provide management with a daily report of work plans, including activities to be performed at the various locations of BOS with estimated time allocations;

o.   Computer entry logs and data input regarding the facilities, its equipment, inventories, vendor contracts;

p.   Monitor security features for all BOS buildings and facilities;

q.   Coordinate and schedule work to be performed by third-party vendors;

r.   Respond to all emergency and maintenance calls on a 24-hour basis, seven days a week; and

s.   Such other direction as provided by the Executive Director of Operations.

10.   In order to perform up to expectations, DOTSON needed to work a substantial number of hours in excess of 40 hours per week.  Typically, DOTSON would begin working before 7:00 a.m. and would work through the day without taking a lunch with the occasional exception of a 15- or 20-minute break to obtain fast food.  DOTSON typically would work until 3:30 p.m. or later. He would then be available during the evenings and weekends on a 24-hour basis in order to satisfy his on-call responsibilities.  DOTSON had no staff that supported his work and he was hands-on regarding all required responsibilities.

## Count I – FLSA Action

DOTSON, by his attorneys, Gaffney & Gaffney P.C., for his Count I Complaint against BOS brought pursuant to the FLSA, states:

1-10.   DOTSON incorporates herein paragraphs 1 through 10 of the above Allegations as paragraphs 1 through 10 of this Count I as if fully set forth herein, verbatim.

11.     At all times relevant, DOTSON was an "employee" of BOS as defined by the FLSA. 29 U.S.C. § 203(e).

12.     At all times relevant, BOS was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

13.     Throughout his employment, DOTSON performed all duties assigned to him in a conscientious and competent manner.

14.     BOS had actual knowledge that DOTSON worked well in excess of forty (40) hours per week. BOS either directed or knowingly permitted DOTSON to work in excess of 40 hours per week.

15.     Throughout his employment, DOTSON's job duties and responsibilities did not render him exempt from the overtime provisions of the FLSA. 29 U.S.C. § 207.

16.     Defendant, BOS, knowingly misclassified and re-cast DOTSON's employment relationship in an effort to avoid compliance with the terms of the FLSA. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

17.     DOTSON is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

18.     DOTSON demands a trial by jury on his Count I claim.

WHEREFORE, Shelby Dotson respectfully request that this Honorable Court declare Defendant, Barrington Orthopedic Specialists, Ltd., to be in violation of the FLSA and to:

      a.  Enter a judgement in the amount of unpaid overtime wages for all time worked by DOTSON in excess of forty (40) hours in individual work weeks;

      b.  Award liquidated damages to DOTSON in an amount equal to the amount of unpaid overtime wages;

      c.  Award reasonable attorneys' fees and costs; and

      d.  Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

## Count II – Illinois Minimum Wage Law, ("IMWL"), Action

DOTSON, by his attorneys, Gaffney & Gaffney P.C., for his Count II Complaint brought pursuant to the IMWL against BOS, states:

1-10.   DOTSON incorporates herein paragraphs 1 through 10 of the above Allegations as paragraphs 1 through 10 of his Count II as if fully set forth herein, verbatim.

11.     At all times relevant, DOTSON was an "employee" of BOS as defined by the IMWL. 820 ILCS 105/3(d).

12.     At all times relevant, BOS was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

13.     This Count arises from Defendant's failure to pay DOTSON overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

14. Defendant directed or knowingly permitted DOTSON to work, and DOTSON did work in excess of forty (40) hours in individual work weeks. BOS knew DOTSON worked over 40 hours per week and permitted or encouraged him to do so.

15. DOTSON was entitled to be paid overtimes wages for all time worked in excess of forty (40) hours in individual work weeks.

16. Defendant did not pay DOTSON overtime wages for time worked in excess of forty (40) hours in individual work weeks.

17. Pursuant to 820 ILCS 105/12(a), DOTSON is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Shelby Dotson respectfully requests that this Honorable Court declare that Defendant, Barrington Orthopedic Specialists, Ltd., have violated the IMWL and:

    a. Enter a judgement in the amount of overtime wages due to Plaintiff as provided by the IMWL;

    b. Award statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

    c. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

## Count III – Illinois Wage Payment and Collection Act, ("IWPCA"), Action

DOTSON, by his attorneys, Gaffney & Gaffney P.C., for his Count III Complaint brought pursuant to the IWPCA against BOS, states:

1-17.     DOTSON incorporates herein paragraphs 1 through 17 of Count II as paragraphs 1 through 17 of this Count III as if fully set forth herein, verbatim.

18.     At all times relevant, DOTSON was an "employee" of BOS as defined by the IWPCA. 820 ILCS 115/2.

19.     At all times relevant, BOS was an "employer" as that term is defined by the IWPCA. 820 ILCS 115/2.

20.     In Illinois, all employment agreements must comply with and are subject to applicable state and federal laws which in this case required DOTSON to be paid as a non-exempt employee and not as an exempt employee. These laws are an implicit provision of the parties' employment agreement.

21.     BOS breached the implicit provisions of the parties' agreement by failing to pay DOTSON overtime wages in violation of the FLSA and IMWL.

22.     Following the termination of DOTSON's employment on April 28, 2016, BOS also violated the IWPCA by failing to pay DOTSON his full final compensation due and owing by no later than the next regularly scheduled payday following his employment termination and by continuing in such failure to the present date.

23.     Defendant's violations of the IWPCA were and are willful and intentional. At all times, Defendant had and has had the ability to pay DOTSON his wages in a timely fashion and have at all times continued to withhold the same.

WHEREFORE, Shelby Dotson respectfully requests that this Honorable Court declare that Defendant, Barrington Orthopedic Specialists, Ltd., have violated the IWPCA and:

a.   Enter a judgement in the amount of unpaid wages due to Plaintiff as provided by the IWPCA;

b.   Award statutory damages in the amount of 2% of the amount of any such

underpayments for each month following the date of payment during which

such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

c.   Award reasonable attorneys' fees and costs of this action as provided by the

IWPCA; and

d.   Grant such other and further relief as this Honorable Court deems just and

proper under the instant circumstances.

/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for SHELBY DOTSON

Glenn R. Gaffney (6180598)
Jolianne S. Walters (6314222)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200
Fax (630) 462-7698
glenn@gaffneylawpc.com
jolianne@gaffneylawpc.com