IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELBY DOTSON, | ) |
| Plaintiff, | ) Civil Action No. 16 CV 9776 |
| v. | ) Hon. Charles R. Norgle |
| BARRINGTON ORTHOPEDIC SPECIALISTS, LTD., | ) |
| Defendant. | ) |

## ORDER

Plaintiff's Motion to Voluntarily Dismiss Complaint Without Prejudice and Without Costs [9] is granted.

## STATEMENT

Before the Court is Plaintiff Shelby Dotson's ("Plaintiff") motion to voluntarily dismiss his case pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant Barrington Orthopedic Specialists, Ltd. ("Defendant") objects and requests that the Court order Plaintiff to pay its legal fees incurred in defending this lawsuit. For the following reasons, Plaintiff's motion is granted over Defendant's objection.

Defendant argues that Wells Fargo Bank, N.A. v. Younan Properties, 737 F.3d 465 (7th Cir. 2013) provides the legal authority justifying its request for fees. However, that case is easily distinguishable from this one. In Wells Fargo Bank, the district court granted attorney fees to the defendant because the plaintiff filed the case in federal court under diversity jurisdiction when there was no legitimate basis to do so. Id. at 467. It was a waste of the defendant's time and money to defend against a lawsuit that never could have been filed in the federal forum. In this case, Plaintiff filed his lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., among other state law claims. It is without question that Plaintiff properly pleaded federal subject matter jurisdiction under 28 U.S.C. § 1331.

Rule 41(a)(2) allows the district court to dismiss a lawsuit "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "It does not mention attorney's-fee shifting, or indeed direct the district court to do anything at all. It merely authorizes the court to allow upon such terms as the court thinks proper." Wells Fargo Bank, 737 F.3d at 469. Here, Defendant has done little to defend the case. Defendant has not filed any motions; rather, it has only answered Plaintiff's Complaint. The Answer does not appear to have taken much time to prepare, considering that most responses are only two words long, and there are only four affirmative defenses that total four sentences in length. Furthermore, Defendant has not even submitted an

estimation of its fees. Moreover, the judiciary follows "a general practice of not awarding fees to a prevailing party absent explicit statutory authority…." Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994). Defendant points to no statutory authority. The Court finds no basis for awarding legal fees to Defendant. Therefore, Plaintiff's motion is granted.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 9, 2017